*Regmi v. Barr*

BIA
Christensen, IJ
A206 180 902

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

JIT BAHADUR REGMI,
> *Petitioner,*

> v.                                                    18-2327
>                                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Carl McIntyre,
                         Assistant Director; Brooke Marie

Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jit Bahadur Regmi, a native and citizen of Nepal, seeks review of a July 16 2018, decision of the BIA affirming an August 10, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jit Bahadur Regmi,* No. A206 180 902 (B.I.A. Jul. 16, 2018), *aff'g* No. A206 180 902 (Immig. Ct. N.Y. City Aug. 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the internal relocation finding that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

2

## I. Fundamental Change in Country Conditions

It is undisputed that Regmi established that he suffered past persecution in Nepal by members of the Nepal Communist Party-Maoist ("Maoists") on account of his membership in the rival Nepali Congress Party ("NCP"). Accordingly, he benefits from a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, the Government may rebut this presumption if a preponderance of the evidence shows that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 399 (2d Cir. 2005). The agency "must conduct an individualized analysis of how changed conditions would affect the specific petitioner's situation." *Passi v. Mukasey*, 535 F.3d 98, 102 (2d Cir. 2008) (internal quotation marks omitted). And it must provide a reasoned basis for its finding that the presumption of a well-founded fear of persecution is no longer justified. *Niang v. Mukasey*, 511 F.3d 138, 149 (2d Cir. 2007).

Substantial evidence supports the agency's conclusion that, at the time of Regmi's August 2017 hearing, conditions

3

in Nepal had fundamentally changed such that he no longer had a well-founded fear of persecution. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). The IJ acknowledged that the "transition period" after the end of the Maoist insurgency in 2006 "was not without problems," including some Maoist violence during elections in 2013. *In re Jit Bahadur Regmi,* No. A206 180 902 *2 (B.I.A. Jul. 16, 2018), *aff'g* No. A206 180 902 (Immig. Ct. N.Y. City Aug. 10, 2017). Nevertheless, the IJ reasonably found that those elections were conducted without major irregularities and the record reflected that apart from a beating in 2010, Regmi had no problems between the end of the insurgency and 2013. *Id.* Further, the IJ reasonably noted that, after the June 2017 elections, the NCP became the largest political party and an NCP official assumed the post of prime minister. *Id.* The IJ also reasonably relied on a 2015 report of the Canadian Immigration and Refugee Board, which noted a scholarly consensus that violence, kidnapping, and extortion by Maoists had "dramatically decreased." *Id.* And, to the extent that Regmi feared violence from a Maoist splinter group known as

4

Biplav, the IJ reasonably determined that the country conditions evidence revealed that the authorities were arresting Biplav supporters who committed acts of violence. *Id.*

Regmi argues that the agency's finding that there has been a fundamental change in country conditions is flawed because Maoists regained control of Nepal in 2018. To the extent that Regmi is asserting that there has been an additional change in conditions, he has not provided any objective evidence of such a change and such evidence should be submitted to the BIA in the first instance in connection with a motion to reopen. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 271 (2d Cir. 2007) ("The mere opportunity to file a motion to reopen means that regardless of the disposition in this Court, a petitioner has the ability to put additional evidence before the agency, and the agency will consider whether to reopen proceedings in light of that evidence.").

Contrary to Regmi's position, because his CAT claim rested on the same factual basis as his claims for asylum and withholding of removal, the agency's determination that country conditions had fundamentally changed is dispositive of his CAT claim as well. *See Lecaj*, 616 F.3d at 119-20

5

(holding that applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher standard for withholding of removal and CAT relief); *see also Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006) (explaining that CAT claim may fail if its factual basis is the same as that of an asylum claim that lacks credibility).

**II. Humanitarian Asylum**

If an asylum applicant can show either "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or that he faces "other serious harm" upon his return, an IJ may grant humanitarian asylum in the absence of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1)(iii). A grant of humanitarian asylum based on severe past persecution "is reserved for atrocious forms of persecution," *Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010) (internal quotation marks omitted), and an applicant must demonstrate both "severe harm" and "long-lasting physical or mental effects of his persecution," *Jalloh v. Gonzales*, 498 F.3d 148, 151–52 (2d Cir. 2007) (internal quotation marks omitted).

Regmi has waived any challenge to the denial of humanitarian asylum by not arguing the issue in his brief.

*See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In any event, he does not qualify for humanitarian asylum. First, his past persecution, which consisted of beatings on three occasions, does not, in and of itself, justify humanitarian asylum. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006) (upholding denial of humanitarian asylum to petitioner who was beaten and harassed on six occasions); *cf. Jalloh*, 498 F.3d at 150-52 (having "no reason to doubt" that past persecution was sufficiently severe where a petitioner was beaten, his wife raped, their house burned, and he was held captive for two weeks, during which he was beaten and threatened with death and amputation, but nevertheless upholding the denial of humanitarian asylum because the petitioner provided no evidence of "long-lasting physical or mental effects"). Second, Regmi has not claimed continuing effects of his past persecution. *See Jalloh*, 498 F.3d at 151-52 ("Although we have no reason to doubt the gravity of the dreadful mistreatment that [petitioner] suffered at the hands of his . . . persecutors, [he] provided no evidence of long-lasting physical or mental effects of his

7

persecution that would support his insistence that he not be returned . . . ."). Further, he has not established that he will suffer "other serious harm" if returned to Nepal. 8 C.F.R. § 1208.13(b)(1)(iii)(B).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8